UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

Plaintiff,

v. Case No. 26-CR- 117

EDWARD KUHN,

Defendant.

---

# PLEA AGREEMENT

---

1. The United States of America, by its attorney, Zachary Corey, Assistant United States Attorney, and the defendant, Edward Kuhn, individually and by attorney Kathleen Quinn, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

## CHARGES

2. The defendant has been charged in a one-count information that alleges a violation of Title 26, United States Code, Section 7202.

3. The defendant has read and fully understands the charge contained in the information. He fully understands the nature and elements of the crime with which he has been charged, and the charge and the terms and conditions of the plea agreement have been fully explained to him by his attorney.

4. The defendant voluntarily agrees to waive prosecution by indictment in open court.

5. The defendant voluntarily agrees to plead guilty to the information set forth in full as follows:

**THE UNITED STATES CHARGES THAT:**

On or about October 31, 2022, in the State and Eastern District of Wisconsin,

**EDWARD KUHN,**

who was required to collect, account for, and pay over federal income taxes, Social Security taxes, and Medicare taxes (collectively "payroll taxes") from the total taxable wages of the employees of Kuhn's Salvage and Demolition, did willfully fail to truthfully account for and pay over to the IRS payroll taxes in the amount of approximately $22,670.87 which were due and owing to the United States of America for the third quarter of 2022, which period ended on September 30, 2022.

In violation of Title 26, United States Code, Section 7202.

6. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense described in paragraph 5. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the following facts beyond a reasonable doubt. The defendant admits that these facts are true and correct and establish his guilt beyond a reasonable doubt:

Edward Kuhn has been the owner and operator of Kuhn Salvage and Demolition (KSD) since at least 2011. KSD is based in Stockbridge, Wisconsin. Kuhn made all decisions (including financial) for the business. The employees of KSD were not independent contractors and received "net" pay from which Kuhn withheld taxes.

Under federal law, an employer like KSD is required to collect payroll taxes, which include federal income taxes, Social Security taxes, and Medicare taxes, from the wages paid to its employees and pay over these taxes to the United States through the Internal Revenue Service (IRS). Because these taxes are funds belonging to the employee that the employer withholds and pays over on behalf of the employee, they are referred to as the "trust fund" portion of payroll taxes. The employer is also required to pay (from its own funds) an amount equal to the employee's Social Security and Medicare taxes. This amount is referred to as the "matching" portion of payroll taxes. Federal law further requires an employer to file with the IRS quarterly payroll tax returns

(Forms 941) reporting the total wages paid to its employees during the quarter and the corresponding payroll taxes due and owing to the United States. These quarterly returns must be filed by the last day of the month following the end of the quarter in question.

Kuhn hired a tax preparer to run payroll and prepare his personal and business tax returns (including Forms 941). Kuhn was the only person from KSD with whom the tax preparer worked and Kuhn provided that individual with all of the information and documents upon which he relied. Kuhn signed all of the Forms 941 for the relevant time frame. Payroll records obtained from the tax preparer confirmed that Kuhn withheld payroll taxes from his employees.

Based on the filed Form 941s, IRS records, and the payroll records obtained from the tax preparer, Kuhn withheld $194,403.56 from employees' paychecks from 2020-2023 and did not pay that money to the IRS. The evidence summarized below demonstrates that Kuhn's conduct was willful.

Kuhn had extensive contact with IRS-Civil from 2013-2018. The IRS Revenue Officer sent multiple letters, publications, and forms to Kuhn regarding employment taxes due. On April 27, 2017, Kuhn signed an installment agreement with the IRS in which he agreed to pay the owed federal taxes for Forms 941, Forms 940, and Forms 1040 for the tax periods of 2009 through 2016. He did not make any payments towards the installment agreement.

In 2022-2023, Kuhn endorsed third-party checks totaling $489,230.20 to pay an individual (C.S.) for a land contract for a building, land, and old machinery instead of paying his owed taxes.

Below is the total loss:

| *Type* | *Years* | *Amount* |
|---|---|---|
| Employment Taxes Withheld | 2020-2023 | $194,403.61 |
| Employer's Share of FICA | 2020-2023 | $84,042.25 |
| Unpaid Employment Taxes | 2018-2019 | $125,900.52 |
| Civil Judgment & Permanent Injunction Assessment of Taxes and Interest | 2009-2017 | $462,656.67 |
| Unpaid Unemployment Taxes | 2019-2023 | $1,172.90 |
| Total Tax Loss | | $868,175.95 |

Specifically, as part of this tax loss, Kuhn did willfully fail to truthfully account for and pay over to the IRS payroll taxes in the amount of approximately $22,670.87 which were due and owing to the United States of America for the third quarter of 2022, which period ended on September 30, 2022.

This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

**PENALTIES**

7. The parties understand and agree that the offense to which the defendant will enter a plea of guilty carries a maximum penalty of five years in prison and a $250,000 fine. The count also carries a mandatory special assessment of $100 and a maximum of 3 years of supervised release. The parties further recognize that a restitution order may be entered by the court. The parties' acknowledgments, understandings, and agreements with regard to restitution are set forth in paragraph 29 of this agreement.

8. The defendant acknowledges, understands, and agrees that he has discussed the relevant statutes as well as the applicable sentencing guidelines with his attorney.

**ELEMENTS**

9. The parties understand and agree that in order to sustain the charge of willfully failing to pay over payroll taxes to the IRS in violation of 26 U.S.C. § 7202, as charged in the information, the government must prove each of the following propositions beyond a reasonable doubt:

> First, that the defendant was a person who had a duty to collect, account for truthfully, and pay over, the federal payroll taxes in question;
>
> Second, that the defendant failed to account for truthfully and pay over the taxes; and
>
> Third, that the defendant acted willfully.

**SENTENCING PROVISIONS**

10. The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

11. The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

12. The defendant acknowledges and agrees that his attorney has discussed the applicable sentencing guidelines provisions with him to the defendant's satisfaction.

13. The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

**Sentencing Guidelines Calculations**

14. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

**Relevant Conduct**

15. The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offense to which the defendant is pleading guilty.

## Base Offense Level

16. The parties agree to recommend to the sentencing court that the applicable base offense level for the offense charged in the information is 20 under Sentencing Guidelines Manual §§2T1.6(a) and 2T4.1(H) because the tax loss is more than $550,000 but less than $1,500,000.

17. If the sentencing court determines that the defendant does not have any criminal history points, and otherwise meets all of the criteria listed in Sentencing Guidelines Manual § 4C1.1(a), then the government will agree to recommend to the sentencing court that a 2-level decrease is applicable pursuant to § 4C1.1(a) of the Sentencing Guidelines

## Specific Offense Characteristics

18. The parties agree to recommend to the sentencing court that no adjustment for any specific offense characteristic is applicable to the offense level for the offense charged in count one.

## Acceptance of Responsibility

19. The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), and to make a motion recommending an additional one-level decrease as authorized by Sentencing Guidelines Manual § 3E1.1(b), but only if the defendant exhibits conduct consistent with those provisions.

## Sentencing Recommendations

20. Both parties reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but

not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

21. Both parties reserve the right to make any recommendation regarding any matters not specifically addressed by this agreement.

22. The government agrees to recommend a sentence within the applicable sentencing guideline range, as determined by the court.

**Court's Determinations at Sentencing**

23. The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 7 above. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

24. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

**FINANCIAL MATTERS**

25. The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable in full upon entry of the judgment of conviction. The defendant further understands that any payment schedule imposed by the sentencing court shall be the minimum the defendant is expected to pay and that the government's collection of any and all court imposed financial obligations is not limited to the payment schedule. The defendant agrees not to request any delay or stay in payment of any and

all financial obligations. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the court specifically directs participation or imposes a schedule of payments.

26. The defendant agrees to provide to the Financial Litigation Program (FLP) of the United States Attorney's Office, at least 30 days before sentencing, and also upon request of the FLP during any period of probation or supervised release imposed by the court, a complete and sworn financial statement on a form provided by FLP and any documentation required by the form.

**Fine**

27. The parties agree to recommend that no fine be imposed by the court.

**Special Assessment**

28. The defendant agrees to pay the special assessment in the amount of $100 prior to or at the time of sentencing.

**Restitution**

29. The defendant agrees to pay restitution in the amount of $868,175.95, plus any penalties and interest, to the Internal Revenue Service.

**DEFENDANT'S WAIVER OF RIGHTS**

30. In entering this agreement, the defendant acknowledges and understands that he surrenders any claims he may have raised in any pretrial motion, as well as certain rights which include the following:

a. If the defendant persisted in a plea of not guilty to the charges against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

b. If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

d. At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.

e. At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

31. The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

32. The defendant acknowledges and understands that he will be adjudicated guilty of the offense to which he will plead guilty and thereby may be deprived of certain rights, including

but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

33. The defendant knowingly and voluntarily waives all claims he may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

34. The defendant knowingly and voluntarily waives any claim or objection he may have based on statute of limitations, venue, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment.

**Further Civil or Administrative Action**

35. The defendant acknowledges, understands, and agrees that the defendant has discussed with his attorney and understands that nothing contained in this agreement, including any attachment, is meant to limit the rights and authority of the United States of America or any other state or local government to take further civil, administrative, or regulatory action against the defendant, including but not limited to any listing and debarment proceedings to restrict rights and opportunities of the defendant to contract with or receive assistance, loans, and benefits from United States government agencies.

36. In connection with the defendant's plea of guilty, the defendant, in consultation with counsel, has chosen not to request discovery materials pursuant to Fed. R. Crim. P. 16 ("Rule 16 Material"). The defendant understands that if not for entering this plea of guilty, the Government would be required to produce Rule 16 Material, and would further be required to produce material pursuant to Brady v. Maryland, 373 U.S. 83 (1963) and Fed R. Crim. P. 5(f), and, if the defendant proceeded to trial, impeachment material pursuant to Giglio v. United

States, 405 U.S. 150 (1972), and Jencks Act material. The defendant acknowledges that the defendant has not and will not receive such information because the defendant has decided to plead guilty, waives the right to this information, and agrees not to withdraw the defendant's plea or to attack the defendant's conviction or sentence, either on direct appeal or collaterally, on the ground that the Government has failed to produce any such information, apart from any information establishing the factual innocence of the defendant.

## GENERAL MATTERS

37. The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

38. The parties acknowledge, understand, and agree that this plea agreement will be filed and become part of the public record in this case.

39. The parties acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

40. The defendant understands that pursuant to the Victim and Witness Protection Act, the Justice for All Act, and regulations promulgated thereto by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the offense on the victim and further may make a recommendation regarding the sentence to be imposed. The defendant acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement.

## Further Action by Internal Revenue Service

41. Nothing in this agreement shall be construed so as to limit the Internal Revenue Service in discharging its responsibilities in connection with the collection of any additional tax,

interest, and penalties due from the defendant as a result of the defendant's conduct giving rise to the charges alleged in the information.

42. The defendant agrees to transmit his original records, or copies thereof, to the Examination Division of the Internal Revenue Service so that the Examination Division of the Internal Revenue Service can complete its civil audit of the defendant and his business Kuhn's Salvage and Demolition. The defendant agrees to provide any additional books and records of his and his business which may be helpful to the Examination Division of the Internal Revenue Service to complete its civil audit of defendant and his business.

**EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT**

43. The defendant acknowledges and understands if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. Alternatively, the government may, in its discretion, ask the Court to be released from specific obligations under this plea agreement to reflect the defendant's conduct if the defendant commits a federal, state, or local offense punishable by a term of imprisonment exceeding one year or violates a material term of the plea agreement. The defendant further acknowledges and understands that the government's agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing.

## VOLUNTARINESS OF DEFENDANT'S PLEA

44. The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 6-1-26

EDWARD KUHN
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 06-01-26

KATHLEEN QUINN
Attorney for Defendant
In this case, of counsel to Zetley Law Offices, S.C.

For the United States of America:

Date: 6/1/2026

ZACHARY COREY
Assistant United States Attorney